# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60277
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 9, 2014

Lyle W. Cayce
Clerk

DORIS VIANEY CULEBRO TRINIDAD HERNANDEZ,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A099 158 876

Before BENAVIDES, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Doris Vianey Culebro Trinidad Hernandez, a native and citizen of Mexico, has filed a petition for review of the order of the Board of Immigration Appeals (BIA) affirming the denial of her application for withholding of removal. Hernandez sought withholding of removal based on threatening phone calls she and her family received from individuals in Mexico demanding money.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60277

We review the order of the BIA and will consider the underlying decision of the immigration judge only if it had some impact upon the BIA's decision. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2011). "To be eligible for withholding of removal, an applicant must demonstrate a clear probability of persecution on the basis of race, religion, nationality, membership in a particular social group, or political opinion." *Chen v. Gonzales*, 470 F.3d 1131, 1138 (5th Cir. 2006) (internal quotation marks and citations omitted).

Hernandez contends that the BIA erred in determining that she failed to demonstrate past persecution and a clear probability of future persecution. She also challenges the BIA's alternative determination that she failed to demonstrate membership in a particular social group for purposes of withholding of removal. The BIA's determination that an alien is not eligible for withholding of removal is reviewed under the substantial evidence standard. *Chen*, 470 F.3d at 1134. Under that standard, we will not reverse the BIA's decision unless the evidence not only supports a contrary conclusion but compels it. *Id.*

Members of Hernandez's family continue to live in Mexico, and she and her family have not been harmed beyond receiving threatening phone calls demanding money. Economic extortion does not constitute a form of persecution under immigration law. *Castillo-Enriquez v. Holder*, 690 F.3d 667, 668 (5th Cir. 2012). The BIA's determination that Hernandez failed to make the requisite showing regarding persecution is supported by substantial evidence.

The petition for review is DENIED.